Owen O'Donnell, Appellant, v. The International Navigation Company, Respondent.

*Negligence — injury from an elevator descending on one who enters the elevator pit without giving notice of his intention to do so.*

A person who had been employed for a long time upon a pier, in the main floor of which there was a well about ten inches deep into which an elevator traveling between the main floor and the second floor fitted when down, upon seeing a roller which he needed at the bottom of the well, while the elevator was standing at the second floor, stepped into the well for the purpose of picking up the roller, without paying any further attention to the elevator (with the operation of which he was entirely familiar), or giving any notice of his intention.

*Held*, that he was guilty of contributory negligence and could not recover damages from the owner of the pier for injuries sustained by him in consequence of the elevator being lowered while he was in the well.

Appeal by the plaintiff, Owen O'Donnell, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 14th day of November, 1899, upon the dismissal of the complaint at the close of the plaintiff's case, by direction of the court, after a trial before the court and a jury at the New York Trial Term.

*E. J. Dunphy*, for the appellant.

*Henry Galbraith Ward*, for the respondent.

Rumsey, J.:

The plaintiff was in the employ of the defendant, working upon its pier, where he had been engaged for a long time. Above the main floor of the pier there was a second story. There was an

elevator by which goods brought on the second floor could be lowered to the main floor, and thus loaded upon the defendant's ships as they lay at the pier. On the main floor there was a well the size of the elevator, and about ten inches deep, into which the elevator fitted when it was down, so that the floor of the elevator and the floor of the pier were on the same level. There was no reason why any person who had occasion to work upon the pier should ever go into the well. The plaintiff knew of the existence of the elevator and was familiar with the manner of its operation. On the morning he was hurt he had occasion to go to a box near the elevator well to get a short roller which was needed. There was no such roller in the box where the rollers were kept, but upon looking about he saw one lying at the bottom of the elevator well. He looked up and saw that the elevator was standing on the second floor, and then without paying any further attention to it, or giving any warning of his intention, he stepped into the elevator well and stooped to pick up the roller, and while doing so the elevator came down and he received the injuries complained of.

His complaint was dismissed for the reason, among others, that he was guilty of contributory negligence; and with that conclusion of the learned justice at the Trial Term upon that subject we agree. The plaintiff was accustomed to the way of doing business upon this pier; he knew that the elevator was there; that it was used to transport goods between the floors of the pier; he knew that it was in use at that time, and that it was likely to be let down at any instant; he knew the manner in which it was handled; he knew that ordinarily there was no reason why any one should go into the well; that it was not intended that any one should go there, and that one going into it took the chances of the elevator coming down and hitting him. Knowing all these things, he got into the well, took those chances, took no pains to discover whether or not the elevator was likely to be lowered immediately, nor to advise anybody on it that he had put himself in a place of danger. The result was that the persons who were using the elevator let it down without any reason to believe that any one was in the well or near the elevator under such circumstances that he was likely to be hurt by it. Without considering any of the grounds upon which it is claimed that the

defendant was guilty of negligence, it is very clear that the act of the plaintiff in putting himself in such a place of danger, where no one had any reason to believe him to be, without taking precautions to protect himself, was contributory negligence, and the judgment was correct and must be affirmed, with costs.

VAN BRUNT, P. J., BARRETT, O'BRIEN and INGRAHAM, JJ., concurred.

Judgment affirmed, with costs.